**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **KYEEM ANTONIO KING,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civ. No. MJM-26-1562** |
| **v.** | * | |
| | * | |
| **WARDEN, Western Correctional Institution, et al.,** | * | |
| | * | |
| | * | |
| **Defendants.** | * | |
| | * | |

* * * * * * * * * *

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on self-represented plaintiff Kyeem Antonio King's renewed application to proceed in forma pauperis, ECF No. 16; motions to supplement the Complaint, ECF Nos. 10–12; and motion for injunctive relief, ECF No. 3.

## I. Application to Proceed In Forma Pauperis

By Order dated July 21, 2026, the Court gave King a final opportunity to file a fully completed application to proceed in forma pauperis. ECF No. 14. The Court received King's proper application on August 5, 2026. ECF No. 16. The application is complete but fails to meet the requirements of 28 U.S.C. § 1915(a)(2), which states in relevant part:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the [requisite] affidavit . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

Thus, King must obtain from each of the prisons where he was incarcerated over the past six months an inmate account information sheet showing the deposits to his account and monthly balances maintained therein.

To assist Plaintiff in providing this information to the Court, the Finance Officer at Western Correctional Institution ("WCI") shall be directed to file a certificate which indicates (1) the average monthly balance in the account for the six-month period immediately preceding the filing of this Complaint and (2) the average monthly deposits to the account during that time.

## II. The Complaint and Supplements

Title 28, United States Code, Sections 1915(e)(2)(B) and 1915A require the Court to conduct an initial screening of the complaint. The Court shall dismiss a complaint if the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Lomax v. Ortiz-Marquez,* 140 S.Ct. 1721, 1723 (2020). King is self-represented and his pleadings will be liberally construed by the Court. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). For the reasons discussed below, King will be provided with an opportunity to file an amended complaint.

King filed a Complaint against the WCI Warden and "unknown correctional officers and administrative officials." ECF No. 1. He complains generally that he has been subjected to prolonged 23-hour confinement at WCI since March 2020. *Id.* at 2. He states that "Defendants" explain these conditions are due to COVID-19 and staffing shortages. *Id.* King states that he is not under disciplinary or administrative segregation, yet the conditions are the same as in solitary confinement. *Id.* at 3. He has one hour or less of out-of-cell time daily, limited human interaction, restricted access to programming and rehabilitative services, and limited recreation and movement. *Id.* King has suffered psychological distress and anxiety, emotional harm, sleep disruption, and cognitive strain. *Id.* at 4. He seeks declaratory judgment, injunctive relief, and monetary damages. *Id.* at 6.

The Complaint is deficient because it does not comply with pleading requirements. The Complaint pertains specifically to conditions of confinement to include limited out-of-cell time, human interaction, access to programs and services, recreation, and movement. ECF No. 1. In the Complaint, King provides only general and conclusory allegations and does not identify what actions were taken by one or more individual defendants. *Id.* King references case names and general legal principles in support of his claims of constitutional violations, but he fails to provide sufficient factual allegations to support his claims. The Complaint lacks time frames or dates, except the allegation that the restrictions started "in or about March 2020." ECF No. 1 at 1. As for the harm he has suffered, King similarly provides only conclusory statements. *Id.* at 6.

After filing his Complaint, King made four additional filings with the Court, each of which appears to be an attempt to supplement the Complaint.[1] King's supplements do not aid the Court in assessing the Complaint. The first filing, docketed as "First Supplement to the Complaint," appears to be an attempt to add unrelated claims that King has been denied the right to practice his religion and that he is receiving inadequate medical treatment for scoliosis. ECF No. 7. The second filing, docketed as a "Motion to Supplement Exhibits and Amend Petition," states that King is seeking to add Centurion Health as a defendant. ECF No. 10. With this motion, King submits documents pertaining to allegations that he is not receiving proper treatment for scoliosis and stomach discomfort. ECF Nos. 10-1, 10-2. The third filing, docketed as a "Motion to Supplement Exhibits and Requesting Counsel," consists of copies of documents already filed in another case King has pending in this Court pertaining to alleged lack of medical treatment on various issues.[2]

---

[1] Motions are not required to supplement the Complaint at this juncture, and the Clerk will be directed to terminate the motions.

[2] Outside of the caption of this supplement, King has not provided any information pertaining to his need for counsel to be appointed. A federal court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is a discretionary one and may be considered where an indigent claimant presents exceptional

ECF Nos. 11, 11-1 – 11-5; *see also King v. Clark, et al.*, Civil Action No. SAG-25-1053. The fourth filing, docketed as "Motion to Supplement the Supporting Exhibit," seeks to add an exhibit as a "supplement for discovery purposes." ECF No. 12. The exhibit contains email correspondence between an individual acting on behalf of King and the Maryland Office of the Correctional Ombudsman, and the content of the communications pertains to the alleged nearly 23-hour daily cell confinement at WCI. ECF No. 12-1.

To comply with the Federal Rules of Civil Procedure, a civil complaint must contain at a minimum a short and plain statement of the claims to show that the plaintiff is entitled to relief and a request for relief, *see* Fed. R. Civ. Proc. 8(a), and it must also name each defendant, *see* Fed. R. Civ. Proc. 10(a). Additionally, under Rule 8(a), a pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under Rule 8(d)(1), each allegation in a complaint should be "simple, concise, and direct." A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action does not satisfy Rule 8's basic pleading requirements. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Claims must also be stated in numbered paragraphs, each limited as far as practicable to a single set of circumstances, *see* Fed. R. Civ. Proc. 10(b).

---

circumstances. *See Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Exceptional circumstances exist if (1) plaintiff has a "colorable claim" and (2) considering the claim's objective complexity and his subjective abilities, plaintiff "lacks the capacity to present it." *Jenkins v. Woodard*, 109 F.4th 242, 247 (4th Cir. 2024) (citing *Whisenant v. Yuam*, 739 F.2d 160, 162 (4th Cir. 1984), *abrogated by Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989) (holding that 28 U.S.C. § 1915 does not authorize compulsory appointment of counsel)). King has not, at this juncture, presented exceptional circumstances, and to the extent he seeks appointment of counsel, this request is denied without prejudice.

A pleading may bring a number of claims against the same defendant; however, to name other defendants in the same lawsuit, the claims against the additional defendants must arise out of the same occurrence or series of occurrences and involve a question of law or fact common to all defendants. *See* Fed. R. Civ. P. 18(a), 20(a)(2). King's Complaint regarding conditions of confinement is improperly expanded in the supplements he filed regarding medical care and an alleged inability to practice his religion. These unrelated claims may not go forward in this manner.

Further, King fails to name the defendants and to present accompanying factual allegations about what each defendant did, or failed to do, to support his entitlement to relief regarding conditions of confinement. These deficiencies are fatal to his Complaint. "A complaint that provides no more than 'labels and conclusions,' or 'a formulaic recitation of the elements of a cause of action,' is insufficient." *Bourgeois v. Live Nation Ent., Inc.*, 3 F. Supp. 3d 423, 434 (D. Md. 2014), *as corrected* (Mar. 20, 2014) (quoting *Twombly*, 550 U.S. at 555).

As complaints drafted by self-represented plaintiffs are held to a less stringent standard than those drafted by attorneys, a self-represented plaintiff who submits an inartfully pled complaint that includes a potentially cognizable claim should have the opportunity to amend the complaint to define the issues, to provide facts in support of his claim, and to name proper defendants. *See Johnson v. Silvers*, 742 F.2d 823, 825 (4th Cir. 1984). King will be provided with an opportunity to file an amended complaint within 28 days of the date of this Order to include the allegations necessary to state a plausible claim regarding his conditions of confinement. He will be provided with the Court's complaint form and instructions for filing a prisoner civil rights action that he should complete and file with the Court as his amended complaint.

In drafting his amended complaint, King is advised of the following principles. Essential to sustaining an action under 42 U.S.C. § 1983 are the presence of two elements. Specifically, the plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges, or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 45 (1988). In addition, liability under § 1983 attaches only upon personal participation by a defendant in the constitutional violation, or where the defendant otherwise condoned the violation. *Love-Lane v. Martin*, 355 F.3d 766, 782–83 (4th Cir. 2004). Absent personal participation, a supervisory official may be held liable upon a showing that: (1) the supervisor had actual or constructive knowledge that a subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens such as the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to, or tacit authorization of, the alleged offensive practice; and (3) there was an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).

King is further advised that the amended complaint will replace his previously filed complaint and all supplements. Therefore, the amended complaint required by this Order must include all of the allegations against each of the defendants, so that the amended complaint may stand alone as the sole complaint in this action which the defendants must answer. Additionally, the amended complaint must meet the requirements of this Order, or it may be dismissed without prejudice for failure to comply with pleading standards.

King may not include in his amended complaint a litany of unrelated events that involve different defendants. He may file additional, separate cases naming different defendants and

unrelated incidents, but they will not be considered in an amended complaint he files in this case. King may not duplicate claims brought in additional cases pending in this Court. Finally, the Court directs King that, in his amended complaint, he should state facts that support his claims and allegations of harm suffered, but he should not attach what he considers to be his evidence. The purpose of the complaint is to set out the claim, not prove the case. King will have an opportunity to submit evidence later on if the case moves forward.

### III. Motion for Injunctive Relief

King has also filed a "Motion for Immediate Injunctive Relief from Unconstitutional Conditions of Confinement." ECF No. 3. In his motion, King seeks an immediate increase in out-of-cell time, meaningful opportunities for human interaction, access to programming and recreation, and a discontinuance of 23-hour confinement absent justification, claiming that he suffering psychological harm from his present conditions of confinement. *Id.* at 3. King has also filed a supplement to the motion complaining that he is denied physical exercise, social interaction, "medically provided standard of care," and nutrition. ECF Nos. 5, 8.

Preliminary injunctive relief before trial "is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). It "involv[es] the exercise of very far-reaching power to be granted only sparingly and in limited circumstances." *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 272 (4th Cir. 2002) (quoting *MicroStrategy Inc. v. Motorola, Inc.*, 245 F.3d 335, 339 (4th Cir. 2001)). Awarding this extraordinary remedy requires "a clear showing that the [movant] is entitled to such relief." *Winter*, 555 U.S. at 22. To prevail on a motion for a preliminary injunction, the movant must demonstrate that (1) he is likely to succeed on the merits of its claims, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of the equities tips in his favor, and (4) an injunction is in the public interest.

*Vitkus v. Blinken*, 79 F.4th 352, 361 (4th Cir. 2023) (citing *Winter*, 555 U.S. at 20). "All four requirements must be satisfied." *Cantley v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 771 F.3d 201, 207 (4th Cir. 2014) (brackets omitted); *see also Pashby v. Delia*, 709 F.3d 307, 320 (4th Cir. 2013) (noting that Fourth Circuit's prior test of balancing the factors is no longer good law in light of *Winter*).

King fails to meet the first requirement for a preliminary injunction. He has failed to present a viable complaint stating a plausible claim for relief and therefore fails to make a clear showing he is likely to succeed on the merits of any claim. The motion for preliminary relief will be denied without prejudice.

## IV. Order

For the reasons stated above, it is this 18th day of September, 2026, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. Within TWENTY-ONE (21) days from the date of this Order, the Finance Officer at WCI SHALL FILE an inmate account summary information sheet for the past six months of Plaintiff's incarceration. The Finance Officer ALSO SHALL FILE a certificate which indicates (a) the average monthly balance in the account for the six-month period immediately preceding the filing of this complaint and (b) the average monthly deposits to the account during that time. The Finance Officer SHALL PROVIDE Plaintiff with a copy of any documentation filed with the Court. Plaintiff is cautioned that his failure to assist prison personnel in obtaining such information will result in dismissal without prejudice of this action without further notice from the Court;

2. The Clerk IS DIRECTED to MAIL a copy of this Order to the FINANCE OFFICER at WCI;
3. King IS GRANTED leave to file an amended complaint as directed above within 28 days of the date of this Order;
4. King IS FOREWARNED that the amended complaint must be timely filed and meet the directions of this Order, or the complaint and all supplements to the complaint will be dismissed without prejudice for failure to comply with this Order;
5. King's Motion for Injunctive Relief, ECF No. 3, IS DENIED without prejudice;
6. The Clerk SHALL TERMINATE the Motions to Supplement to Complaint (ECF Nos. 10, 11, 12);
7. King's request for appointment of counsel, ECF 11, IS DENIED; and
8. The Clerk SHALL send to King a copy of this Memorandum Opinion and Order, a copy of the original complaint, ECF No. 1, and a blank prisoner civil rights complaint form with included instructions that King IS DIRECTED to use to file his amended complaint.

_____/S/__________________
Matthew J. Maddox
United States District Judge